**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14403

Non-Argument Calendar

_____

JACOB BARRY ALLSTON,

*Plaintiff-Appellant,*

*versus*

RON DESANTIS, et al.,

individual and official capacities,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01085-CEM-DCI

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Jacob Barry Allston, appearing pro se, seeks $100 million in damages and injunctive and declaratory relief from various Florida

officials for allegedly conspiring to violate his civil rights by enforcing his child-support obligations. He now appeals the district court's order (1) dismissing without prejudice his second amended complaint as a shotgun pleading and (2) finding moot his several motions for clerk's entry of default judgment against defendants who failed to appear or defend against Allston's suit. After careful review, we affirm the dismissal.

We "review a dismissal on Rule 8 shotgun pleading grounds for an abuse of discretion." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). Denials of motions for default judgment are also reviewed for abuse of discretion. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (citation modified).

A district court has inherent power to control its docket, including by dismissing a complaint on shotgun-pleading grounds. *Vibe Micro*, 878 F.3d at 1295. There are four main types of shotgun complaints: (1) a complaint in which each count realleges previous allegations so that "the last count [is] a combination of the entire complaint," (2) a complaint that is "replete with conclusory, vague, and immaterial facts," (3) a complaint that fails to separate each claim for relief into a different count; and (4) a complaint that alleges multiple claims against multiple defendants in each count,

without identifying which defendants are responsible for which claims. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Thus, "district courts confronted by such complaints have the inherent authority to demand repleader sua sponte." *Magluta v. Samples*, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Allston's second amended complaint fails to provide a short and plain statement showing that Allston is entitled to relief.[1] *Magluta*, 256 F.3d at 1284; Fed. R. Civ. P. 8(a)(2). Instead, it is 434 pages and 1,441 paragraphs long and sets out 45 counts against 10 defendants, all the while relying on conclusory, vague, or immaterial allegations rooted in Allston's contention that Florida state officials, judges, and lawyers conspired to violate his civil rights by enforcing his child-support obligations. The complaint is unwieldy: It connects disparate claims and defendants to other claims and other defendants throughout its 45 counts, and thereby fails to provide any particular defendant with adequate notice of the claims against it and the grounds on which each claim relies. To make matters

---

[1] Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Nevertheless, all litigants in federal court are required to comply with the applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

worse, the first sentence of each of the 45 counts adopts and realleges all the allegations of the proceeding counts, causing "the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The complaint, then, is a shotgun pleading several times over.

Federal Rule of Civil Procedure 55 provides that the clerk shall enter a party's default if the party fails to plead or otherwise defend an action brought against it, and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citation modified). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain*, 789 F.3d at 1245 (citation modified). We have compared a motion for default judgment to a "reverse motion to dismiss for failure to state a claim" because the standard for finding a "sufficient basis" for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.*

A shotgun pleading cannot be considered well-pleaded, as it "patently violates" the federal pleading standards. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). Furthermore, a clerk's entry of default does not supersede the dismissal of an insufficient complaint. *See Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1370 (11th Cir. 1982). The district court

25-14403                Opinion of the Court                5

did not abuse its discretion in dismissing Allston's second amended complaint without the entry of default because, for reasons already explained, the complaint is a shotgun pleading. By definition then, it is not a well-pleaded complaint, *Jackson*, 898 F.3d at 1356, so entering default against the defendants would not be proper. Accordingly, we **AFFIRM**.